IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD WHITE, | No. 2:14-CV-0103-JAM-CMK-P |
|     Petitioner, | |
|   vs. | ORDER |
| UNKNOWN, | |
|     Respondent. | |
|                          / | |

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court are: (1) petitioner's amended petition (Doc. 10); (2) petitioner's motion for leave to proceed in forma pauperis (Doc. 11); and (3) petitioner's motion for appointment of counsel (Doc. 12).

       Petitioner has not filed a complete application to proceed in forma pauperis, along with a "certification from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution" as required by Rule 3(a)(2) of the Federal Rules Governing Section 2254 Cases, or paid the required filing fee.  See 28 U.S.C. §§ 1914(a), 1915(a).  Petitioner will be provided one additional opportunity to submit either a completed application to proceed in forma pauperis,

1  with the required certification, or pay the appropriate filing fee.  As to the certification
2  requirement, while a copy of petitioner's prison trust account statement certified by prison
3  officials is not required to satisfy the requirement, such a statement will suffice.
4         Turning to the amended petition, petitioner has failed to name the proper
5  respondent.  "A petitioner for habeas corpus relief must name the state officer having custody of
6  him or her as the respondent to the petition."  Stanley v. California Supreme Court, 21 F.3d 359,
7  360 (9th Cir. 1994); see also Rule 2(a), Federal Rules Governing Section 2254 Cases.  The
8  amended petition will be dismissed with leave to amend.
9         Petitioner seeks the appointment of counsel.  There currently exists no absolute
10  right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453,
11  460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any
12  stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254
13  Cases.  In the present case, the court does not find that the interests of justice would be served by
14  the appointment of counsel at the present time.
15         Finally, petitioner is warned that failure to comply with this order may result in
16  the dismissal of this action for lack of prosecution and failure to comply with court rules and
17  orders.  See Local Rule 110.
18         Accordingly, IT IS HEREBY ORDERED that:
19         1.    Petitioner's motion for appointment of counsel (Doc. 12) is denied
20  without prejudice to renewal, at the earliest, after a response to the petition has been filed;
21         2.    Petitioner shall submit on the form provided by the Clerk of the Court,
22  within 30 days from the date of this order, a complete application for leave to proceed in forma
23  pauperis, with the certification required by Rule 3(a)(2), or pay the appropriate filing fee
24         3.    Petitioner's amended petition for writ of habeas corpus (Doc. 10) is
25  dismissed with leave to amend;
26  / / /

4.      Petitioner shall file an amended petition on the form employed by this court, and which satisfies the requirements of Rule 2(c) of the Federal Rules Governing Section 2254 Cases, within 30 days of the date of this order;

5.      The Clerk of the Court is directed to send petitioner the court's form habeas corpus application; and

6.      The Clerk of the Court is directed to send petitioner a new form Application to Proceed In Forma Pauperis By a Prisoner.

DATED: March 26, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE