IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD WHITE, | No. 2:14-CV-0103-JAM-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| SACRAMENTO COUNTY JAIL, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's amended petition (Doc. 17).

At the outset, the court observes that petitioner continues to fail to name the correct respondent, despite two prior court orders directing him to do so. Dismissal of the entire action for this reason alone is appropriate. The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring

1  disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see
2  also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action
3  may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to
4  satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack
5  of prosecution is appropriate where there has been unreasonable delay.  See Henderson v.
6  Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

7  Given plaintiff's apparent unwillingness to comply with the court's prior orders to
8  name the proper respondent for this action, the court finds that dismissal is warranted as an
9  appropriate sanction.

10  In any event, Rule 4 of the Federal Rules Governing Section 2254 Cases provides
11  for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition
12  and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In
13  the instant case, it is plain that petitioner is not entitled to federal habeas relief.  In particular, the
14  exhaustion of available state remedies is required before claims can be presented to the federal
15  court in a habeas corpus case.  See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small,
16  315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).  A petitioner
17  can satisfy the exhaustion requirement by providing the highest state court with a full and fair
18  opportunity to consider all claims before presenting them to the federal court.  See Picard v.
19  Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

20  Upon review of the instant petition, the court concludes that petitioner has not
21  exhausted state court remedies as to any of his claims.  This conclusion is based on petitioner's
22  repeated statements in the amended petition that his trial is still pending.  The conclusion is also
23  supported by petitioner's numerous miscellaneous filings in this case which clearly reflect that
24  petitioner is challenging aspects of an ongoing state court criminal proceeding.  Petitioner's
25  claims are not only unexhausted, they are premature in that he does not yet appear to be in
26  custody pursuant to a final state court judgment.  These are alternative bases for dismissal.

1         Based on the foregoing, the undersigned recommends that this action be
2  dismissed, without prejudice, as premature, for failure to exhaust state court remedies, and failure
3  to comply with court orders.
4         These findings and recommendations are submitted to the United States District
5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
6  after being served with these findings and recommendations, any party may file written
7  objections with the court.  Responses to objections shall be filed within 14 days after service of
8  objections.  Failure to file objections within the specified time may waive the right to appeal.
9  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  October 30, 2014

```
                                        _____
                                        CRAIG M. KELLISON
                                        UNITED STATES MAGISTRATE JUDGE
```